**Vernon EDLER, Jr., Petitioner-Appellee,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellant.**

No. 82–7640.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 7, 1983.

Decided March 6, 1984.

James T. Burnes, Michael J. Christianson, Newport Beach, Cal., for petitioner-appellee.

**858**

Stephen Gray, Washington, D.C., for respondent-appellant.

Before FERGUSON and BOOCHEVER, Circuit Judges, and COYLE,* District Judge.

COYLE, District Judge:

The Internal Revenue Service issued to Vernon Edler, Jr. (hereafter Edler) a Notice of Deficiency for the taxable year 1976 finding in pertinent part that Edler realized a constructive dividend in the amount of $283,500.00 resulting from the redemption of stock owned by his former spouse.[1] Edler filed a Petition with the United States Tax Court. The sole issue tried was whether Edler received dividend income when Edler Industries, Inc. (hereafter Industries) redeemed the stock owned by Edler's former spouse. The matter was tried on fully stipulated facts.

Industries began business in 1950. During the years in issue, Industries manufactured missile nose cones and related items. At all times herein relevant, Edler was president of Industries. In 1971, Edler and his wife at that time, Annette Edler (hereafter Mrs. Edler or Edler's former wife), became owners of 100 percent of the 141.11 outstanding shares of Industries. In 1973, Edler and Mrs. Edler separated and filed for divorce. On August 1, 1975, the Superior Court of California, County of Orange, after a six-day nonjury trial, entered an interlocutory judgment of dissolution of marriage. That interlocutory judgment provided, in part:

> [Edler] is awarded as his sole and separate property the following: * * *
>
> 141.11 shares of Edler Industries, Inc. stock * * * In order to further effectuate an equal division of the community property, [Edler] is ordered to execute and deliver a promissory note dated July 1, 1975, payable to Annette M. Edler in the face amount of $269,000.00 bearing interest at the rate of six percent (6%) per annum.

Pursuant to the interlocutory judgment, Edler executed a promissory note dated July 1, 1975, to Mrs. Edler in the amount of $269,000.00 with interest at the rate of six percent per annum. The note was payable in quarterly installments of $6,250 plus interest commencing October 1, 1975; payable in quarterly installments of $10,000 plus interest commencing with the eleventh quarter and for ten additional quarters; the balance due and payable on July 1, 1980. The final judgment of dissolution of marriage was entered in January 1976. The only payments made by Edler on the promissory note were $7,599.43 on December 19, 1975, and $155.00 on February 18, 1976. In July 1976, Mrs. Edler obtained a writ of execution since Edler was more than one year in arrears in his payments on the promissory note. As of October 1976, all 141.11 shares of Industries had been delivered to the Orange County Sheriff for the purpose of sale at public auction. On October 1, 1976, Edler withdrew $283,196.43 from Industries for the purpose of bidding on Industries' stock. The $283,196.43 was charged to payroll advances on the books of Industries. The sale was never held, and the money was redeposited to Industries. In the meantime, Edler appealed unsuccessfully the judgment of the Superior Court of California to the California Court of Appeals, Fourth District, Second Division. Edler then attempted to attack collaterally the judgment by filing with the Superior Court a Motion to Vacate Levy on Writ of Execution. This motion was taken under advisement by the Superior Court on September 17, 1976. On October 8, 1976, Edler and his former wife entered into a settlement agreement. The parties agreed to:

> cause said Interlocutory Judgment to be modified, whereunder [Mrs. Edler] would give up [her] money judgment position,

---

* Honorable Robert E. Coyle, United States District Judge for the Eastern District of California, sitting by designation.

1. The Notice of Deficiency set forth other deficiencies and penalties for the taxable years 1974 through 1976 but these items are not the subject of this appeal.

recall the writ of execution, * * * and substitute, in the place and stead thereof, the delivery * * * of a minority shareholder position in Edler Industries, Inc., ON THE CONDITION that the corporation concurrently, redeem for cash, said minority shares * * * for the same amount of said money, to which [Mrs. Edler] is now entitled.

The agreement further provided:

any change in the existing Judgment consented to by [Mrs. Edler], has been and is fully conditioned upon the collection of the entire aforementioned proceeds concurrently with the change in the judgment.

Pursuant to that agreement, the Superior Court entered an order modifying its previous interlocutory judgment. Such order specifically voided Edler's obligation to pay on the note to Mrs. Edler. An amended interlocutory judgment of dissolution of marriage, conforming to such order, was filed on October 8, 1976. The amended judgment deleted reference either to Edler's obligation or to the enforcement and execution of Edler's promissory note. That judgment also awarded 87.11 shares of Industries to appellee as his separate property and 54 shares to Mrs. Edler as her separate property. The amended judgment was signed by both parties and was ordered entered, *nunc pro tunc,* as of August 1, 1975. A special meeting of the Board of Directors of Industries was held on October 7, 1976, wherein the Board resolved to offer to purchase the shares of Mrs. Edler for $283,500 in cash. On October 8, 1976, Industries paid $283,500 to Mrs. Edler in exchange for her 54 shares of Industries, for which Mrs. Edler executed a receipt acknowledging payment in full. Thereafter, the 54 shares of Industries were retained by Industries as treasury stock.[2]

■ Several issues are raised by the parties in this appeal. Central, however, to resolution of the appeal is Commissioner's contention that the Superior Court plainly erred in holding that it had exceeded its authority in requiring Edler to execute a promissory note in exchange for Mrs. Edler's stock and thus plainly erred in entering its modified divorce decree *nunc pro tunc.* Commissioner, citing *Commissioner v. Estate of Bosch,* 387 U.S. 456, 465, 87 S.Ct. 1776, 1782, 18 L.Ed.2d 886 (1967), therefore argues that the Tax Court should not have given effect to the *nunc pro tunc* order. Irrespective of the merits of this position, Commissioner did not raise this question before the Tax Court. In his opinion, Judge Fay specifically states, "Respondent does not question the ability of the divorce court to modify its own judgment." (Excerpt of Record, p. 33) Consequently, we decline to hear this issue on appeal, *United States v. Standard Oil Company of California,* 495 F.2d 911, 918 (9th Cir.1974); *Union Pacific Railroad Company v. Johnson,* 249 F.2d 674, 677 (9th Cir.1957).

In addition, Commissioner argues that the Tax Court erred in concluding that the settlement agreement required Mrs. Edler to look first to Industries for payment, leaving Edler only secondarily liable.

■ Commissioner contends that the substitution of Edler's obligation to provide Mrs. Edler with a minority stock interest and to cause the corporation to redeem that stock rendered the redemption a discharge of Edler's continuing obligation to Mrs. Edler, thereby resulting in a constructive dividend. If it were not for the entry of the *nunc pro tunc* order, Commissioner's position would be correct, *Sullivan v. United States,* 363 F.2d 724, 728 n. 5 (8th Cir. 1966), *cert. denied,* 387 U.S. 905, 87 S.Ct. 1683, 18 L.Ed.2d 622 (1967); *Wall v. United States,* 164 F.2d 462, 466 (4th Cir.1947). However, because we have declined to review whether entry of the *nunc pro tunc* order was proper, Commissioner's contention is without merit.

■ Commissioner further contends that the settlement agreement incorporated into

2. It was stipulated that Industries had earnings and profits in excess of $283,500.00 at all time relevant to the issue.

the *nunc pro tunc* divorce decree did not have the effect of making Industries the primary obligor to Mrs. Edler since Industries was not a party to the settlement agreement or the divorce proceedings. This contention ignores the fact that the Board of Directors of Industries resolved to purchase Mrs. Edler's shares on October 7, 1976 while the settlement agreement was executed on October 8, 1976. Under these circumstances, it is inferable that Edler was acting as the agent of Industries when he obligated Industries to redeem Mrs. Edler's stock, *see Bennett v. Commissioner,* 52 T.C. 381 (1972); *Nichols v. Commissioner,* 42 T.C.M. (P–H) ¶ 73,114 (1973); *cf. Gordon v. Commissioner,* 44 T.C.M. (P–H) ¶ 75,086 (1975). Commissioner argues that the concept of these cases is inapposite since appellee initially incurred the debt in his personal capacity. Again, however, Commissioner's position assumes that the *nunc pro tunc* order was invalid.

Accordingly, the decision of the Tax Court is affirmed.